UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X   07 cv 7266
ANDREW MATTOX II,                                                Judge Buchwald

                                Plaintiff,          **COMPLAINT**

         -against-

NEW YORK CITY, POLICE OFFICER
HARITON MARACHILIAN SHIELD # 13084
and POLICE OFFICER SHELDON FRANKLYN
SHIELD # 27179 BOTH OF TRANSIT DIVISION DISTRICT 4

                                         **JURY TRIAL DEMANDED**

                               Defendant(s).
-------------------------------------------------------------X

The plaintiff, complaining of the defendants, by his attorney, FRED LICHTMACHER, ESQ., respectfully show to this Court and allege:

## JURISDICTION

1    Jurisdiction is founded upon the existence of a Federal Question.

2    This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983 as well as pursuant to the common law of the state of New York.

3    Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3 & 4).

4    Jurisdiction for plaintiff's state claims is appropriate pursuant to 28 U.S.C. § 1367.

5    Venue is appropriate pursuant to 28 U.S.C. §§ 1391 (b) (1 & 2).

## PARTIES

6       That the plaintiff, ANDREW MATTOX II, was at all times relevant a resident of New York City in the State of New York.

7       Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, (NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that at all times relevant defendants POLICE OFFICER HARITON MARACHILIAN SHIELD # 13084 and POLICE OFFICER SHELDON FRANKLYN SHIELD # 27179 BOTH OF TRANSIT DIVISION DISTRICT 4, were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

8       Upon information and belief, that at all times hereinafter mentioned, defendants MARACHILIAN and FRANKLYN, were employed by the defendant, NYC, as members of its police department.

9       Upon information and belief, that at all times hereinafter mentioned, the defendant, NYC, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof.

10      The NYPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

11      This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law,

particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983.

12    Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors acting under the color of law.

## STATEMENT OF FACTS

13    That the plaintiff, ANDREW MATTOX II, was riding on the 6 train in East Harlem Manhattan on October 24, 2006 at approximately 1 pm when defendant Franklyn, who was in plain clothes, approached the plaintiff without identifying himself as a police officer and asked if he could speak to the plaintiff.

14    Defendant Franklyn asked plaintiff if he could step off the train.

15    Plaintiff asked why they could not speak on the train, at which time Franklyn quickly flashed what looked to be a badge and within seconds, without explanation, he began grabbing plaintiff by the shirt and dragging him off of the train.

16    Due to Franklyn's appearance, and due to defendant not giving plaintiff the opportunity to examine his badge plaintiff was skeptical that the defendant was actually an officer.

17    Plaintiff was forced off of the train where he was wrestled to the ground by both defendant officers who refused to produce their identification and who used force in bringing the plaintiff to the ground.

18    Plaintiff called out for help to the patrons of the station as he believed he was being attacked by muggers.

19    Witnesses to the encounter were screaming at the defendants to get off of the plaintiff.

20    Defendants handcuffed plaintiff and threatened him with mace after which he submitted to being handcuffed.

21      After plaintiff was handcuffed he was walked off of the platform and was walked up the stairs to the mezzanine area.

22      Even though plaintiff had complied in allowing defendants to handcuff him and had complied with their instruction to walk up the stairs, once on the mezzanine level approximately two minutes after he had been handcuffed defendant Marachilian threw the plaintiff forcefully into the wall three times, the first time striking his shoulder, the second time throwing him into the opposite wall striking the back of his head and the third time Marachilian grabbed plaintiff by the back of his head and forced plaintiff face first into the wall breaking three of his front teeth and knocking him unconscious.

23      Plaintiff woke up on the opposite side of the wall and began spitting his teeth out on the floor.

24      Besides the broken teeth plaintiff was bruised on his shoulder, his nose and where he had been forcefully grabbed without explanation by the defendants.

25      Franklyn then lifted plaintiff by placing both hands around his neck and plaintiff was walked to the surface.

26      Plaintiff was placed in a squad car and brought to a police precinct.

27      Plaintiff, had in his possession a knife used as a tool in breaking down boxes which the officers confiscated and alleged was a gravity knife.

28      After close to a year of going to Court on an assortment of bogus charges plaintiff, who had moved back to Massachusetts, pled to a violation and paid a $95 fine and one days community service to be performed in Cape Cod.

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
THE USE OF EXCESSIVE AND UNREASONABLE FORCE**

29      Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

30      That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiff was unlawfully subjected to excessive and unreasonable force, by the defendants.

31      That the battery of the plaintiff was effected by defendants without authority of law and without any reasonable necessity to use any force much less the excessive force that they employed and the force employed was used without legal justification, without plaintiff's consent, with malice and with an intent to inflict pain and suffering.

32      As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly plaintiff's right to be free from the use of excessive and unreasonable force.

33      That by reason of the unlawful use of excessive and unreasonable force, the plaintiff was harmed physically, requiring plaintiff to receive dental treatment, he incurred dental bills, his teeth were broken, he was subjected to physical pain, humiliation, embarrassment, anxiety, and that he was subjected to various other physical and emotional harms, he was pecuniarily harmed and that he was otherwise harmed.

34      That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed

FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, plaintiff is entitled to an award of punitive damages, and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

**WHEREFORE**, plaintiff demands judgment against the defendants in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS and punitive damages, along with reasonable attorney's fees pursuant to 42 U.S.C. § 1988 together with costs and disbursements of this action, a trial by jury of all issues involved in this complaint and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: August 15, 2007
      New York, New York

                                                  /s/
                                      FRED LICHTMACHER (FL-5341)
                                      Attorney for Plaintiff
                                      The Empire State Building
                                      350 5th Avenue Suite 7116
                                      New York, New York 10118
                                      (212) 922-9066

To:    Michael Cardozo
          Corporation Counsel City of New York
          100 Church Street
          New York, New York 10007