UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ANDREW MATTOX II,

                                  Plaintiff,

-against-

NEW YORK CITY, POLICE OFFICER HARITON
MARACHILIAN SHIELD # 13084, and POLICE
OFFICER SHELDON FRANKLYN SHIELD # 27179
BOTH OF TRANSIT DIVISION DISTRICT 4,

                                  Defendants.

**ANSWER TO COMPLAINT**

**JURY TRIAL DEMANDED**

07 CV 7266 (NRB)

------------------------------------------------------------------------x

        Defendants the City of New York, Hariton Marachilian and Sheldon Franklyn, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the court as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the court as stated therein.

        4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the court as stated therein.

        5.     Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to base venue as stated therein.

6. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York is a municipal corporation and that Police Officers Marachilian and Franklyn are employed by the City of New York and state that the allegations concerning "in furtherance of the business of their employer and within the scope of their employment" constitute legal conclusions to which no response is required.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that Marachilian and Franklyn are employed by the City of New York as police officers.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that the City of New York maintains a police department.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that the City of New York maintains a police department and respectfully refer the Court to the New York City Charter for a description of the functions of the NYPD and of the Police Commissioner.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

12. Defendants state that paragraph "12" of the complaint contains legal conclusions to which no response is required. To the extent a response is required, defendants deny the allegations.

13. Deny the allegations contained in paragraph "13" of the complaint, except admit that Franklyn was in plain clothes.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that plaintiff was asked in sum and substance to step off the train.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether plaintiff was skeptical.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint, except admit that plaintiff was transported to a police precinct.

27. Deny the allegations set forth in paragraph "27" of the complaint, except admit that plaintiff was in possession of a knife.

28. Deny the allegations set forth in paragraph "28" of the complaint, except admit that plaintiff pleaded guilty.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "28", inclusive of this answer, as if fully set forth herein.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

35. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

36. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

37. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

38. The individually named defendants Marachilian and Franklyn have not violated any clearly established constitutional or statutory right of which a reasonable person should have known and therefore are protected by qualified immunity.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

39. Plaintiff's claims are barred in whole or in part because plaintiff failed to comply with G.M.L. §§ 50(e), (h) and (i).

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

40. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or the culpable or negligent conduct of third parties, and was not the proximate result of any act of the defendants.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

41. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

42. Punitive damages are not available against the defendant City of New York.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

43. Plaintiff provoked any incident.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

44. To the extent plaintiff asserts state law claims against defendants, such claims should be barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

45. At all times relevant to the complaint, defendants Marachilian and Franklyn acted reasonably and in the proper and lawful exercise of their discretion.

**WHEREFORE,** defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         November 9, 2007

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the City of New York
                        Attorney for Defendants
                        100 Church Street, Room 3-166
                        New York, New York  10007
                        (212) 788-0963

By: _____
     Prathyusha Reddy (PR 5579)
     Assistant Corporation Counsel
     Special Federal Litigation Division

To:   Fred Lichtmacher, Esq. (via ECF and Hand)
      Attorney for Plaintiff
      60 East 42nd Street, Suite 2001
      New York, New York  10165